# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

DAVID LYNN CHAPMAN
REG. #120704                                                                                              PETITIONER

VS.                                    5:06CV00246 SWW/JTR

LARRY NORRIS, Warden,
Arkansas Department of Correction                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.     Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is a § 2254 habeas Petition filed by Petitioner, David Lynn Chapman, a state prisoner who is incarcerated at the East Arkansas Regional Unit of the ADC. (Docket entry #2.) Respondent has filed a Response (docket entry #6), to which Petitioner has filed a Reply. (Docket entry #10.) Thus, the issues are joined and ready for disposition.

The habeas Petition seeks to have the Court vacate Petitioner's disciplinary conviction arising from an incident that took place on October 25, 2004.[1] According to the charging officer's description of the incident, on that date, Petitioner submitted three inmate grievance forms filled out in his own blood. (Docket entry #7, Ex. A.) Petitioner admitted that they were written in his own blood. *Id.* Based on Petitioner's admission, the charging officer concluded that the grievance forms

---

[1] As a result of this disciplinary conviction, Petitioner lost 175 days of good time credit. Thus, his claim that he was denied due process in the disciplinary hearing is cognizable in a § 2254 habeas action. *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974).

were in an unsanitary condition. *Id.* On October 26, 2004, Petitioner was provided with a Major Disciplinary Report, reciting the preceding allegations and charging him with the following code violations: (1) "02-11" self-mutilation; (2) "05-3" assault or threat to inflict injury on another; and (3) "07-1" unauthorized use of state supplies. *Id.*

A disciplinary hearing was held on October 27, 2004. At this hearing, Petitioner submitted a written statement which explained that he did not mutilate himself to write the grievances but, instead, used blood from a bloody nose. According to Petitioner, he often had a bloody nose because he did not receive proper medication. (Docket entry #7, Ex. B.) Petitioner claimed that he was forced to write the grievances in his own blood because ADC officials refused to provide him with an ink pen. *Id.* Petitioner also denied assaulting or threatening anyone and contended that he used the grievance forms for their intended purpose, not in furtherance of an unauthorized use. *Id.*

According to the written statement of ADC Officer Bobby Smith, Petitioner admitted to writing the grievances in his own blood because Smith allegedly had refused to provide him with an ink pen. Officer Smith's statement makes it clear that he did provide Petitioner with a shankless ink-pen on the afternoon of October 22, 2004. (Docket entry #7, Ex. C-1.) ADC psychologist, Dr. Abesie Kelly, provided a written statement in which she indicated that Petitioner was referred for an assessment following the incident, and opined that Petitioner was able to appreciate the wrongfulness of his actions and was fully responsible for his actions. (Docket entry #7, Ex. C-2.)

The Disciplinary Hearing Officer ("DHO") issued a decision finding Petitioner guilty of "02-11" self-mutilation and "07-1" unauthorized use of supplies, and not guilty of "05-3" assault or threat to inflict injury on another. (Docket entry #7, Ex. D.) The sanctions imposed by the DHO included the imposition of 30 days of punitive isolation, the disallowance of 175 days of good conduct time,

and a reduction in good conduct classification. *Id.* After exhausting his administrative appeals, Petitioner initiated a federal habeas action in 2005 which challenged his disciplinary conviction. *See Champan v. Norris*, E.D. Ark. No. 5:05CV00025 SWW/JTR.

Respondent sought to dismiss the 2005 habeas action because Petitioner had <u>not</u> exhausted available state-court remedies. *Id.* at docket entry #4. Petitioner later moved to voluntarily dismiss that case, without prejudice, in order to exhaust his state court remedies. *Id.* at docket entry #7. On February 7, 2006, the Court dismissed the case, without prejudice. *Id.* at docket entry #14.

Petitioner then filed a state habeas corpus petition in Pulaski County Circuit Court which challenged the disciplinary conviction. (Docket entry #2 at 66.) The state habeas petition was dismissed for lack of jurisdiction because Petitioner was not incarcerated in Pulaski County.[2] *Id.*

On September 22, 2006, Petitioner filed this federal habeas action. (Docket entry #2.) According to Petitioner, the Court should vacate his disciplinary conviction based on the following due process violations: (1) insufficiency of the evidence; (2) denial of right to call witnesses during the disciplinary hearing; (3) lack of notice of the evidence against him; and (4) bias of the hearing officer. (Docket entry #2.)

In his Response (docket entry #6), Respondent argues that Petitioner's claims are barred by the statute of limitations, and also fail on the merits. For the reasons explained below, the Court

---

[2]In his habeas Petition in this case, Petitioner alleges that he also tendered a Petition for Administrative Review in Jefferson County Circuit Court, which challenged his disciplinary conviction. According to Petitioner, the clerk, for unexplained reasons, failed to file that Petition. (Docket entry #2 at 3.) There is nothing in the record other than Petitioner's allegations to support his claim that he attempted to initiate such an action in Jefferson County Circuit Court.

agrees with Respondent that Petitioner's claims have no merit.[3] Thus, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and that the case be dismissed, with prejudice.

## II. Discussion

### A. Standard of Review Governing Prison Disciplinary Hearings

The deprivation of a prisoner's good time credits implicates liberty interests protected by the Due Process Clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir.2002) (*citing Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). If a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decisionmaker identifying the evidence relied on and the reasons for the disciplinary action. *See Hrbek v. Nix*, 12 F.3d 777, 780 (8th Cir.1993) (*citing Wolff*, 418 U.S. at 563-67); *Espinoza*, 283 F.3d at 951-52 (*citing Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). However, the decision of the prison disciplinary hearing officer is only required to be supported by "some evidence in the record." *Espinoza*, 283 F.3d at 951-52 (*citing Hill*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Where the record contains some

---

[3]Because the Court concludes that Petitioner's claims are meritless, it is unnecessary to address Respondent's statute of limitations defense. Although Respondent has not renewed the nonexhaustion defense that he raised in the prior habeas proceeding, it also appears that Petitioner has failed to properly exhaust his state court remedies.

evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Hill*, 472 U.S. at 457.

**B.     Analysis of Petitioner's Habeas Claims**

First, Petitioner challenges the sufficiency of the evidence. He argues that, because he allegedly only used blood from his own nose to write the grievances, there was no evidence that he actually mutilated himself. However, given Petitioner's admission that he wrote the grievances in his own blood, a fact-finder could reasonably infer, based on the minimal "some evidence" standard, that Petitioner's bloody nose was the result of self-mutilation. Petitioner also contends that Officer Smith lied in stating that he had provided him with an ink pen on October 21, 2004. However, this was simply a credibility determination for the DHO. Moreover, while Petitioner argues that his use of the grievance forms was for their intended purpose, and thus not "unauthorized," the DHO could have inferred, based on the minimal "some evidence" standard, that grievances written in blood were an unauthorized use of supplies.

Second, Petitioner claims that when he was served with the Major Disciplinary Report on October 26, he informed the DHO that he intended to call "Co. Rankin" as a witness. On October 27, the day of the disciplinary hearing, Petitioner alleges he informed the DHO that he had mistakenly designated "Co. Rankin" as a witness, and that he actually intended to call "Co. Conrad." Petitioner argues that the DHO did not allow him to call or interview "Co. Conrad," who would have corroborated his testimony that Officer Smith refused to provide him with an ink pen on October 21, 2004. Importantly, there is nothing in the record to support Petitioner's assertion that he made such a request, much less that it was denied by ADC officials. Furthermore, even if "Co. Conrad" had been called as a witness and testified as Petitioner suggests, there is no indication that

the testimony would have aided his defense, or that the outcome of the proceeding would have been different. *See Howard v. United States*, 487 F.3d 808 (10th Cir. 2007) (applying harmless error analysis to due process claim that prison officials denied requested witness testimony at hearing); *Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991) (constitutional violation in adjudicating prison disciplinary proceeding is subject to harmless error analysis).

Third, Petitioner argues that he had no knowledge of the evidence that would be produced against him in support of the disciplinary charges, except for what was contained in the Major Disciplinary Report.[4] However, Petitioner's argument ignores the fact that the Major Disciplinary Report was provided to him the day before the disciplinary hearing and detailed the evidence in support of the charges, namely the admission from Petitioner that he had written the grievances in his own blood.

Finally, Petitioner makes a factually-unsupported assertion that the entire disciplinary process and the DHO were biased against him. "The nature of prison disciplinary proceedings compels the courts to give wide latitude to prison officials in the manner in which they conduct these proceedings." *Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir.1994). Disciplinary hearing officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for impermissible bias is high." *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir.2003). For a petitioner to prevail on a claim that a DHO was biased, he must show that officer's conduct "gave [the officer] an interest adverse to [the inmate's] 'so direct, personal, and substantial as to give rise to a due-process violation.' " *See Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir.1994).

---

[4]Petitioner also alleges that he was not present when his own written statement and the written statement of Officer Smith were "read into the record." Assuming this to be true, Petitioner does not articulate how this constitutes a due process violation or how it prejudiced him.

Petitioner's general allegation that the disciplinary process and the DHO were biased is not sufficient to establish an interest adverse to Petitioner's interests "so direct, personal, and substantial" as to give rise to a due process violation. There is simply no evidence in the record that the DHO had any personal interest in the circumstances giving rise to the charges against Petitioner or in how those charges ultimately were resolved.

The Court concludes that the record in this case contains some evidence to support the disciplinary convictions, and that Petitioner was afforded the opportunity to explain his position and defend himself in accordance with the due process standards set forth by the Court in *Wolff* and *Hill*. Accordingly, the Court recommends that the Petition be denied.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket entry #2) be DENIED, and that this case be DISMISSED, WITH PREJUDICE.

Dated this 9th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE